Clyde A. Thompson, SBN 72920
Rebecca S. Widen, SBN 219207
HAAPALA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel:    510-763-2324
Fax:   510-273-8570

Attorneys For Defendants
COUNTY OF ALAMEDA and CHARLES PLUMMER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| JOHN MILWITT,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN ASHCROFT, ALBERTO GONZALES, CHARLES PLUMBER, COUNTY OF ALAMEDA, GEO CORPORATION, CORNELL CORRECTIONS, MATHEW LAING, BERNARD ELLIS, FRAN WATKINS, DOES 1-100,<br><br>    Defendants. | Case No.: C07-05078 CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**<br><br>**Date:         June 26, 2008**<br>**Time:        2:00 p.m.**<br>**Courtroom: 2, 4th Floor** |

PLEASE TAKE NOTICE THAT on **June 26, 2008,** at **2:00 p.m.**, in Courtroom 2, 4th Floor, of the United States District Court, 1301 Clay Street, California, 94102, Defendants COUNTY OF ALAMEDA and CHARLES PLUMMER [erroneously sued herein as "CHARLES PLUMBER"] ("the County Defendants") will and hereby do move the Court for an order granting dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively, requiring a more definite statement pursuant to FRCP 12(e).

This motion is made on the grounds that Plaintiff's Complaint lacks sufficient factual allegations to support a claim for conspiracy to violate civil rights pursuant to 42 U.S.C § 1985 against the County Defendants; is insufficient to state a claim for relief against the County Defendants under 42 U.S.C. Section 1983; is vague and ambiguous; and for all the reasons set forth in the Memorandum of Points and Authorities accompanying the motion.

1

*Milwitt v. Ashcroft, et al.,/*Case #C07-05078 CW
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To
FRCP 12(b)(6), Or Alternatively, Motion For A More Definite Statement

Said Motion will be based on this Notice, the Memorandum of Points and Authorities, the allegations of Plaintiff's Complaint, the papers and records on file herein, and on such oral and documentary evidence as may be presented at the hearing of the motion.

Dated: May 12, 2008                           HAAPALA, THOMPSON & ABERN, LLP

By: /s/Rebecca S. Widen
Rebecca S. Widen
Attorneys For Defendants
COUNTY OF ALAMEDA and
CHARLES PLUMMER

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CHARLES PLUMMER and COUNTY OF ALAMEDA ("the County Defendants"), by and through counsel undersigned, move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), or alternatively, for a more definite statement pursuant to FRCP 12(e).

### I. PLAINTIFF'S COMPLAINT

On October 1, 2007, Plaintiff JOHN MILWITT ("Plaintiff") filed a Complaint asserting a federal civil rights claim pursuant to 42 U.S.C. § 1983 and 1984, et seq. The Complaint alleges that between 2002 and 2007, Plaintiff was wrongfully prosecuted for unspecified crimes, was wrongfully incarcerated during the prosecution, and was subjected to wrongful conditions of confinement including denial of access to the law library and telephones. This is the extent of Plaintiff's factual allegations.

Among the named defendants are two former United States Attorney Generals, JOHN ASHCROFT and ALBERTO GONZALES, as well as the moving defendants, Sheriff CHARLES PLUMMER and the COUNTY OF ALAMEDA. Other named defendants (unknown to the moving defendants) are GEO CORPORATION, CORNELL CORRECTIONS, MATHEW LAING, BERNARD ELLIS and FRAN WATKINS. The Complaint alleges that all defendants were employed by, contracted with, or were agents of the United States Government, and that they conspired to deprive him of his civil rights under color of law.

2

## II. ARGUMENT

A. Plaintiff's Complaint Should Be Dismissed Because It Lacks Sufficient Factual Allegations To Support A Claim For Conspiracy To Violate Civil Rights Pursuant To 42 U.S.C § 1985 Against The County Defendants.

"To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." See Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). In other words, the plaintiff may not rely on conclusory allegations to plead the existence of a conspiracy among the defendants; the pPlaintiff is required to allege specific facts supporting the existence of an agreement between the defendants to deprive the plaintiff of his or her civil rights. Id. See also Olsen v. Idaho State Bd. of Medicine 363 F.3d 916, 929 (9th Cir. 2004).

The Complaint in the present action does not allege any facts supporting the existence of an agreement between the Defendants to deprive Plaintiff of his civil rights. Plaintiff's allegations in this regard are entirely conclusory. As such, the Complaint does not state a claim for conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985, and is subject to dismissal. Id.

B. Plaintiff's Minimal And Conclusory Allegations Are Insufficient To State A Claim For Relief Against The County Defendants Under 42 U.S.C. Section 1983.

In order to state a claim for a violation of constitutional rights under Section 1983, the plaintiff's complaint must contain more than "minimal and conclusory allegations." See Dumas v. Kipp, 90 F.3d 386, 392-93 (9th Cir. 1996) (dismissing Section 1983 claim alleging deprivation of free speech rights and retaliatory discharge for failure to allege sufficient facts to support the claims). A plaintiff must allege the facts of his claim with enough specificity to demonstrate that he has a legal claim for relief, and to place the defendants on notice of that claim. Id. See also Mendiondo v. Centinela Hosp. Medical Center, 521 F.3d 1097 (9th Cir. 2008) ("the plaintiff must 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'") (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). While very detailed factual allegations are not required, the alleged facts must be specific enough "to raise a right to relief above the speculative level." Bell at 127

3

*Milwitt v. Ashcroft, et al.,/*Case #C07-05078 CW
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To
FRCP 12(b)(6), Or Alternatively, Motion For A More Definite Statement

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

1  S.Ct. 1965.

2  The Complaint does not allege sufficient facts to establish a claim under 42 U.S.C.
3  § 1983 against the County Defendants. Plaintiff's single-page claim, asserted against multiple,
4  diverse defendants, is almost entirely conclusory. There are no factual allegations setting forth
5  how the County Defendants were involved in Plaintiff's alleged wrongful prosecution and
6  incarceration on federal criminal charges. There are no factual allegations setting forth where
7  Plaintiff was incarcerated, or how the County Defendants were involved in subjecting Plaintiff
8  to wrongful conditions of confinement. Without these very basic allegations, the Complaint
9  does not state a claim for relief under 42 U.S.C. § 1983.

10 The Complaint is also deficient because it lacks allegations establishing municipal
11 liability on the part of the County of Alameda or Sheriff Plummer in his official capacity under
12 Section 1983, see Monell v. Department of Social Services of City of New York, 436 U.S. 658,
13 98 S.Ct. 2018 (1978), or allegations establishing any personal involvement of Sheriff Plummer
14 in the alleged constitutional deprivations. See Jeffers v. Gomez, 267 F.3d 895 (9th Cir. 2001).
15 Finally, there are no allegations establishing that Plaintiff exhausted his administrative remedies
16 with respect to any of the conditions of confinement challenged in the Complaint, which is a
17 prerequisite to maintaining a suit for damages based on such conditions. See Woodford v. Ngo,
18 548 U.S. 81, 126 S.Ct. 2378 (2006).

19 In sum, Plaintiff's Complaint as currently pled is wholly inadequate to place the County
20 Defendants on notice of the factual and legal basis underlying Plaintiff's claim for relief. As
21 such, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure
22 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, Plaintiff
23 should be ordered to file a more definite statement pursuant to Federal Rule of Civil Procedure
24 12(e), as his claim is so vague and ambiguous as currently pled that the County Defendants
25 /
26 /
27 /
28 /

4

*Milwitt v. Ashcroft, et al.,/*Case #C07-05078 CW
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To
FRCP 12(b)(6), Or Alternatively, Motion For A More Definite Statement

1  cannot reasonably prepare a response.

2  Dated:  May 12, 2008

3                            HAAPALA, THOMPSON & ABERN, LLP

5                     By:   /s/Rebecca S. Widen
                         Rebecca S. Widen, Attorneys For Defendants
6                           COUNTY OF ALAMEDA and
                         CHARLES PLUMMER

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

5

*Milwitt v. Ashcroft, et al.,/*Case #C07-05078 CW
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To
FRCP 12(b)(6), Or Alternatively, Motion For A More Definite Statement

**PROOF OF SERVICE**

Laura C. M. Dobbins certifies and declares as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years, and not a party to this action. My business address is 1939 Harrison Street, Suite 800, Oakland, California, 94612-3527.

On May 12, 2008, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT** on all interested parties in this action, in the manner set forth below.

☐ **By Facsimile:** By personally transmitting a true copy of the document(s) via an electronic facsimile machine maintained at 510-273-8570, between the hours of 8:00 a.m. and 5:00 p.m., to the numbers listed below.

☐ **By Electronic Mail:** By personally transmitting a true copy of the document(s) via an electronic mail account maintained at the law firm of Haapala, Thompson & Abern, LLP, between the hours of 8:00 a.m. and 5:00 p.m., to the e-mail address listed below. The transmission was reported as complete and without error.

☐ **By Messenger Service:** By arranging for said document(s) to be picked up by an agent for One Hour Delivery to be delivered on the date set forth below, to the address set forth below.

☒ **By Mail:** By placing the document(s) listed above in an envelope addressed as set forth below, with postage thereon fully prepaid, in the United States mail at Oakland, California. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business with postage fully prepaid.

☐ **Overnight Delivery:** By placing the document(s) in an envelope designated by United Parcel Service ("UPS"), an express service carrier, for delivery by Next Day Service for which delivery fees were paid or provided, with said envelope addressed as set forth below. I deposited the envelope in a box or other facility regularly maintained by UPS, or delivered to a courier or driver authorized by said express service carrier to receive documents.

John Milwitt                                                              Plaintiff In Pro Per
1164 Solano Avenue, #122
Albany, CA 94706
Tel:    707-829-3200

/

/

Proof Of Service/Pg. 1

*Milwitt v. Ashcroft, et al.,/*Case #C07-05078 CW
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To
FRCP 12(b)(6), Or Alternatively, Motion For A More Definite Statement

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 12, 2008, at Oakland, California.

*Laura C. M. Dobbins*
Laura C. M. Dobbins

Haapala, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Proof Of Service/Pg. 2

*Milwitt v. Ashcroft, et al.,*/Case #C07-05078 CW
Defendants' Notice Of Motion And Motion To Dismiss Pursuant To
FRCP 12(b)(6), Or Alternatively, Motion For A More Definite Statement