1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2  JOANN M. SWANSON (CABN 88143)
   Chief, Civil Division
3  NEILL T. TSENG (CABN 220348)
   Assistant United States Attorney
4  VANESSA WU
   Certified Law Clerk
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-7155
7      FAX: (415) 436-6748
       neill.tseng@usdoj.gov
8
   Attorneys for Federal Defendants JOHN ASHCROFT and ALBERTO GONZALES
9

10                          UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                                 OAKLAND DIVISION

13
   JOHN MILWITT,                          )   No. 07-5078 CW
14                                        )
         Plaintiff,                       )   FEDERAL DEFENDANTS JOHN
15                                        )   ASHCROFT AND ALBERTO
      v.                                  )   GONZALES'S NOTICE OF MOTION
16                                        )   AND MOTION TO DISMISS OR,
   JOHN ASHCROFT, ALBERTO                 )   ALTERNATIVELY, MOTION FOR A
17 GONZALES, CHARLES PLUMBER,             )   MORE DEFINITE STATEMENT
   COUNTY OF ALAMEDA, GEO                 )
18 CORPORATION, CORNELL                   )   Date: August 7, 2008
   CORRECTIONS, MATHEW LAING,             )   Time: 2:00 p.m.
19 BERNARD ELLIS, FRAN WATKINS,           )   Location: Courtroom 2, 4th Floor
   Does 1-100,                            )   Hon. Claudia Wilken
20                                        )
         Defendants.                      )
21 _____)

22      **PLEASE TAKE NOTICE** that Federal Defendants John Ashcroft and Alberto Gonzales

23 will move this Court on August 7, 2008 at 2:00 p.m. in Courtroom 2, 4th Floor, United States

24 Federal Building, 1301 Clay Street, Oakland, California, before the Honorable Claudia Wilken,

25 United States District Judge, for an order dismissing all claims in the plaintiff's complaint

26 against them pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for an order for a more

27 definite statement pursuant to Fed. R. Civ. P. 12(e).  The motion is based on this notice, the

28

FED. DEFS.' MOT. TO DISMISS OR, ALTERNATIVELY, MOT. FOR A MORE DEFINITE STATEMENT
07-5078 CW
                                         -1-

memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

## STATEMENT OF RELIEF

Federal Defendants John Ashcroft and Alberto Gonzales move for an order dismissing all claims against them or, in the alternative, for a more definite statement.

## ISSUES TO BE DETERMINED

1. Whether the complaint fails to state a claim against Federal Defendants John Ashcroft and Alberto Gonzales.

2. Whether Plaintiff should be ordered to make a more definite statement.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION.

Plaintiff John Milwitt ("Plaintiff") asserts civil rights claims pursuant to 42 U.S.C. §§ 1983, 1984 et seq, and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics Agents</u>, 403 U.S. 388 (1971).[1] The two-page, six-paragraph complaint does not provide sufficient facts to establish any cognizable legal claims nor does it include a prayer for relief. The complaint against former United States Attorneys General Defendants John Ashcroft and Alberto Gonzalez (collectively, the "AG Defendants") should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or alternatively, Plaintiff should be ordered to make a more definite statement under Fed. R. Civ. P. 12(e).

II. STATEMENT OF FACTS.

On October 1, 2007, Plaintiff filed a complaint against the AG Defendants, Sheriff Charles Plummer, the County of Alameda, Geo Corporation, Cornell Corrections, Mathew Laing, Bernard Ellis and Fran Watkins. Plaintiff's two-page complaint is vague and ambiguous, but it appears to arise out of a prior criminal proceeding between 2002 and 2007, where Plaintiff was convicted on bankruptcy fraud charges and subsequently acquitted on appeal due to insufficient evidence. <u>See</u> <u>United States v. Milwitt</u>, 475 F.3d 1150, 1152 (9th Cir. 2007).

---

[1] Section 1984 is no longer in force.

Plaintiff alleges that pursuant to the criminal proceeding, he was maliciously prosecuted, wrongfully confined, and subjected to wrongful conditions of confinement, including denial of the law library and inadequate access to a telephone. Complaint ¶¶ 2-3. Plaintiff also alleges that all of the named defendants were employed by, contracted with, or agents of the United States Government and that they conspired to deprive Plaintiff of his civil rights under color of law. Complaint ¶¶ 2, 4. That is the extent of Plaintiff's factual allegations. Plaintiff does not allege who each defendant was, what specific acts they performed, or when or how they performed them.

## III.   LEGAL STANDARD.

Fed. R. Civ. P. 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to defeat a motion to dismiss, the plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The Supreme Court emphasized last year that the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. The Supreme Court also warned that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." In re Syntex Corp. Sec. Litg., 95 F.3d 922, 926 (9th Cir. 1996).

## IV.   ARGUMENT.

### A.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM.

#### 1.   The Allegations Do Not State a Cognizable Claim.

The Court should dismiss all claims against the AG Defendants for failure to state a claim under the Rule 12(b)(6) standard delineated in Bell Atlantic. From Plaintiff's two-page complaint, the Court can plainly see that the allegations are conclusory and factually insufficient to state any legally cognizable claim. Plaintiff makes no factual allegations describing how the

AG Defendants were involved in his alleged malicious prosecution or wrongful incarceration, what specific acts they took, or what the basis for their liability is. There are also no factual allegations setting forth the AG Defendants' involvement in allegedly subjecting the Plaintiff to wrongful conditions of confinement. Furthermore, Plaintiff fails to proffer any factual allegations showing a conspiracy among the multiple, diverse defendants, fails to state what the conspiracy was, and fails to state how it was carried out. Without these basic allegations, the Plaintiff's complaint does not state a claim for relief.[2]

### 2. Absolute Prosecutorial Immunity Bars Any Claim Against the AG Defendants for Malicious Prosecution.

Even if the Court were to determine that the complaint states a cognizable malicious prosecution claim, it should still be dismissed because the AG Defendants have absolute prosecutorial immunity. In Imbler v. Pachtman, 424 U.S. 409, 431 (1976), the Supreme Court held that, in initiating a prosecution and presenting the government's case, a prosecutor is immune from a civil suit for damages. The immunity extends to any activities of the prosecutor that are "intimately associated with the judicial phase of the criminal process . . . ." Id. at 430. "Thus, a prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial. A prosecutor is also absolutely immune for direct participation in a probable cause hearing, and for preparing and filing charging documents." Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005) (internal citations omitted).

Plaintiff's complaint does not contain any factual allegations as to how the AG Defendants violated the Plaintiff's constitutional rights in prosecuting his prior criminal

---

[2] Plaintiffs' claims are brought under 42 U.S.C. § 1983 and Bivens. Section 1983 does not apply to federal actors. See Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) ("by its very terms, § 1983 precludes liability in federal government actors"). Plaintiff does not allege liability under the Federal Tort Claims Act (the "FTCA"). Any FTCA claim would have to be dismissed for lack of subject matter jurisdiction because (1) Plaintiff does not allege the required exhaustion of administrative remedies, see McNeil v. United States, 508 U.S. 106, 111-13 (1993); 28 U.S.C. § 2675(a); and (2) malicious prosecution and false imprisonment claims are barred by sovereign immunity, see 28 U.S.C. § 2680(h).

proceeding. Plaintiff makes only the conclusory allegation that the Plaintiff was "deliberately[] and maliciously prosecuted" by the AG Defendants. Complaint ¶2. However, absolute prosecutorial immunity "applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (citation omitted). Immunity applies even if there are "grave procedural errors" made in prosecuting a case. Id. at 1077. Similarly, "allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence." Id. at 1078. Therefore, Plaintiff's malicious prosecution claim against the AG Defendants is barred by absolute prosecutorial immunity and should be dismissed.

### 3. There Is No Repondeat Superior Liability in a Bivens Action.

Though Plaintiff does not specifically allege how the AG Defendants deprived him of his civil rights, to the extent he claims that they are liable in their supervisorial capacities as former Attorneys General, such a claim must fail. The AG Defendants cannot be held liable because there is no respondeat superior liability against supervisory officials for the allegedly unconstitutional actions of their subordinates. See Taylor v. List, 880 F.2d 1040, 1043-45 (9th Cir. 1989) (rejecting respondeat superior liability for the state Attorney General and prison director in a suit alleging a violation of a prisoner's constitutional rights by prison officials).

### 4. Plaintiff Has Not Properly Alleged a Conspiracy.

To allege an unconstitutional conspiracy, a plaintiff must proffer facts showing the existence of an unlawful design or plan and each individual defendant's participation in it. See, e.g., Harris v. Roderick, 126 F.3d 1189, 1195 (9th Cir. 1997) ("In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery."). In other words, a plaintiff may not rely on conclusory allegations to plead the existence of a conspiracy among the defendants, but must allege specific facts supporting the existence of an agreement between the defendants to deprive

the plaintiff of his civil rights. See Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929-30 (9th Cir. 2004).

Plaintiff fails to do so. Plaintiff merely alleges that all the named defendants "conspired to deprive Plaintiff of his civil rights under color of law." Complaint ¶ 5. The complaint does not include any facts supporting the existence of an agreement between the defendants. As such, Plaintiff's conspiracy allegations are entirely conclusory and should be dismissed.

### B.     In the Alternative, Plaintiff Should Be Ordered to Make a More Definite Statement.

Plaintiff's complaint should be dismissed under Rule 12(b)(6) for the reasons stated above. However, should the Court determine that dismissal is not appropriate at this time, then Plaintiff should be ordered to file a more definite statement pursuant to Rule 12(e). Plaintiff should be ordered to allege nonconclusory facts setting forth with specificity the acts of the AG Defendants and the basis for their liability so that the AG Defendants can reasonably prepare a response.

### V. CONCLUSION.

For the foregoing reasons, the Court should dismiss all claims against the AG Defendants, or alternatively, order Plaintiff to make a more definite statement.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

DATED: June 23, 2008                     /s/
                                NEILL T. TSENG
                                Assistant United States Attorney
                                VANESSA WU
                                Certified Law Clerk

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**FEDERAL DEFENDANTS JOHN ASHCROFT AND ALBERTO GONZALES'S NOTICE OF MOTION AND MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

<u>John Milwitt v. John Ashcroft, et al.</u>
C 07-5078 CW

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **CERTIFIED MAIL** (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **ELECTRONIC MAIL**

____   **FEDERAL EXPRESS**

____   **PERSONAL SERVICE (BY MESSENGER)**

____   **FACSIMILE (FAX)**   Telephone No.:  See Below_____

to the party(ies) addressed as follows:

John Milwitt
1164 Solano Avenue #122
Albany, CA 94706

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 23, 2008 at San Francisco, California.

_/s/_____
BONNY WONG
Legal Assistant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28